OPINION OF THE COURT — by the
1-Ion. POWHATTAN ELLIS.
This case was heard at the March term 1821, of the superior court of Warren county, and the judge who presided, after hearing the evidence, directed a non suit. Daring the same term, the counsel for the plaintiff prayed the court to set aside the non suit, and reinstate the case on the docket, for the following reasons.
First, because the "court erred in its opinion, in pronouncing that the action for money had and received would not lie to recover money received by the defendant, for goods of the plaintiff, sold by the defendant.
Secondly, that the action for goods sold and delivered would not lie, unless evidence of an express sale or purchase was given. And the court doubting as to the law and rule of decision refers the motion to the Supreme court for its determination.
We are of the opinion that the judge below erred in directing a non suit upon the ground that the plaintiff could not maintain his action for money had and received for the sale of plaintiff’s goods by the defendant. In the language of Lord Mansfield in the case of Longchamp vs. Kenny, Douglass 137, if the demand had been for a specific chattel, this action could not be sustained, as trover or detinue would have' been the proper remedy. But here the plaintiff alleges that the defendant had and received money to his use and benefit, and wishes to introduce evidence to establish the fact, and thereby fix his liability, but it is objected, that the testimony sought to be introduced will not support the count in the declaration, because the recovery was made out of the plaintiff’s property, after it came into his, the defendant’s possession. This we thinkisn'ot a substantial objection to the plaintiff’s right to recover in the present form of action, and is directly in opposition to the case in Douglas, and the case of Nightingale et als assignees of Mittevin, a bankrupt vs. Devis-nie, when it was determined, that an action of indebitatus assumpsit for money had and received, will not lie for the transfer and receipt of stock 'in the public funds, because, it is considered as property, and not as mo- *106 neyj but, it seems to have been conceded unanimously by the judges of the court of Kings bench in the above case, if the stock had been conver - ted into money, the action would most unquestionably lie. From an examination of all the cases I have been able to find, we have not discovered a distinction taken between property (converted into money,) which comes into the possession of the defendant tortiously, and that which is in his possession by permission of the law. In the former case, we are inclined to believe, trover would be the proper remedy, and in the latter, if it be clearly established by the evidence on the trial, that the properly has been reduced into money by a sale, the justice and equity of the case will certainly hold a defendant, under such circumstances, responsible in this action to the demands of him, for whose use, in legal contemplation the property was sold. The general principle of the law upon this subject is, — “if a person receives goods, the property of another, and converts them into money, an action of indebitatus assumpsit will lie to recover the money, so ’raised.” From the time of Lord Mansfield, (one of the most learned and distinguished judges that ever adorned the English bench) down to the present day, courts of law have viewed this action with complacency and will extend to it their protection, to enable the plaintiff to recover, provided he is not permitted to turn the generality of the count into a surprise, by deserting the ground which the defendant was led to judge, the only matter to be tried, and resorting to another, of which he could not have the least suspicion. If the present action had been brought without notice of the nature of the demand, I should have thought it could not have been supported. But here the defendant came prepared, as we are hound to believe from the naked question as referred, and if he sold the property and received its value, it was for the plaintiffs use, because it is not contended, the said property was in another person at the time of sale. From the language of the first reason, and jts reference to this court, we are constrained to believe, that the judge directed the non suit as there stated, — that in no case could this action be maintained for money had and received by the defendant emanating from a sale of plaintiffs property by said defendant. We cannot under the rules of decision already referred to, sanction the unqualified doctrine laid down in the opinion of reference from the court below.
*107 If, from the development of the evidence on the tria!, the defendant could bring himself within any exception to the general rule, if he could shew that the sale of the property had not been affected by him, and that no privity existed between him and the plaintiff, he should have done so by producing the judge’s report of the trial. But as he has not done so, we must give an opinion on the general abstract point of law involved in the case referred.
We are of opinion, that an action for money had and received will lie in all cases, where the defendant himself has come to the possession of the plaintiffs property by permission of the law, and has himself raised a sum certain by the sale of said property. In cases where the defendant was authorized to sell the plaintiff’s property, the plaintiff might be without remedy, if he could not sustain this action against the defendant, for in such cases, he could neither pursue the property or money in the hands of third persons.
Nothing appears in this case, to take it out of the operation of the general rule, and we therefore think, it would be unreasonable, to deprive the plaintiff of an opportunity of having his case investigated in conformity io these principles.
Let the non suit be set aside, and the cause re-instated on the docket.